UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN MUNOZ, Individually and on BEHALF OF ALL OTHER COLLECTIVE PERSONS SIMILARLY SITUATED,

                        **Plaintiff,**

– against –

S. DONADIC, INC., S. DONADIC CONTRACTING INC., S. DONADIC WOODWORKING INC., and STEVE DONADIC, Jointly and Severally,

                        **Defendants.**

Case No.: 17-CV-2581

[Formerly Supreme Court, County of Queens, State of New York Case No. 704029/2017]

## NOTICE OF REMOVAL

Defendants, **S. DONADIC, INC., S. DONADIC CONTRACTING INC., S. DONADIC WOODWORKING INC., and STEVE DONADIC** (hereafter "Defendants"), by and through their attorneys, **ZABELL & ASSOCIATES, P.C.**, hereby remove Case no. 704029/2017 from the Supreme Court of Queens County, State of New York, to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

1. On March 24, 2017, Plaintiff Juan Munoz (hereafter "Plaintiff"), filed his Veritified [*sic*] Complaint in Supreme Court, County of Queens, State of New York against Defendants under docket number 704029/2017.

2. Defendants received the Summons and Complaint *via* mail on or about April 26, 2017.

3. The Complaint purports to assert three (3) "Counts" against the Defendants; specifically, two (2) "Counts" regarding the Fair Labor Standards Act, and one (1) "Count" regarding

the New York Labor Law; however, the purported "Counts" are muddled, and multiple causes of action are alleged under each "Count." Further, "Count III" appears to be a conflation of the two (2) statutes.

4. Plaintiff purports to bring a collective action under the FLSA and the NYLL – despite no provision existing under the NYLL which would allow Plaintiff to apply the FLSA's unique collective action provisions to his NYLL claims.

5. Plaintiff seeks recovery for a litany of damages to be determined at trial.

## **FLSA: FEDERAL QUESTION JURISDICTION**

6. Plaintiff's FLSA claims arise under the laws of the United States.

7. Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. FLSA claims filed in State Courts may be properly removed to the relevant District Court by Defendants. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) ("FLSA action, once started in state court, was removable to federal court").

## **NYLL: SUPPLEMENTAL JURISDICTION**

9. Pursuant to 28 U.S.C. § 1367, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

10. Plaintiff's NYLL allegations arise from the exact same set of operative facts as his FLSA claims. The NYLL allegations form part of the same case or controversy as Plaintiff's FLSA claims, providing the Eastern District with supplemental jurisdiction.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11. Pursuant to 28 U.S.C. § 1446 (a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court action which have been served upon Defendants are being filed with this Notice of Removal as Exhibit A.

12. This Notice of Removal is timely filed under 28 U.S.C. § 1446 (b).

Dated: Bohemia, New York
      May 1, 2017

**ZABELL & ASSOCIATES, P.C.**
*Attorneys for Defendants*

By: _____
Saul D. Zabell, Esq.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com